LUTHER DOCK v. THE ELIZABETHTOWN STEAM MANU-
FACTURING COMPANY..

1. The practice act being designed merely as the means of administering
   justice, should be liberally construed in all its parts, except those
   which pertain to the mode of obtaining jurisdiction over the parties.
2. By the thirty-fifth section of the practice act of 1855, (*Nix. Dig.* 737,
   *pl.* 155,) if the plaintiff, after the defendant is in court, files his decla-
   ration sooner than is required by law, and serves a copy thereof
   on the defendant, he shall file his plea in thirty days after such ser-
   vice; *held*—

*First.* That where defendant is an individual, service of a copy of the
declaration must be made upon him personally, if he has not appeared
by attorney.*

*Second.* That in case of an individual defendant, or of a corporation
who has appeared by attorney, service on the attorney is a sufficient
service.

*Third.* That where defendant is a corporation, created for and engaged in
trade or business, a service on any officer or agent of the company
whose duty it is, either in his official capacity or by virtue of his
employment, to communicate the fact of such service to the governing
body of the corporation, is good.*

*Fourth.* That whether the person upon whom the service is made is such
that a service upon him is good, depends upon the circumstances of
each particular case, having regard to the purposes for which the
corporation was created, and the nature of the duties of such person,
either in his official capacity or by the usages of the company.

*Fifth.* That service on a book-keeper, at the office of the company, is not
a sufficient service, it not appearing that knowledge of such service
was communicated to the proper officers of the company.

---

On motion to set aside judgment.

Argued before DALRIMPLE, DEPUE. and VAN SYCKEL,
Justices.

For the motion, *W. J. Magie.*

Contra, *C. Parker.*

DEPUE, J.   The summons in this cause was returned on
the 7th of March, 1870, served on the defendants in the

---

* *Rev.,* p. 865, § 106.

Dock v. Elizabethtown Steam Manufacturing Co.

mode prescribed by the statute. The declaration was filed on the 7th of March. A copy of the declaration was served by leaving it at their office in Elizabethport, with the defendants' book-keeper, on the 8th of March, and judgment in default of a plea was entered on the 8th of April.

The application is to vacate this judgment as having been prematurely entered. The period of sixty days from the return of process would not have expired until the 7th day of May; but the judgment was not entered until thirty days had elapsed after the service of a copy of the declaration.

The thirty-fifth section of the practice act of 1855, (*Nix. Dig.* 737, *pl.* 155,*) provides that if the plaintiff, after the defendant is in court, files his declaration sooner than is required by law, and serves a copy thereof on the defendant, he shall file his plea or demurrer in thirty days after such service, or, on failure thereof, judgment shall be entered against him.

The motion to vacate this judgment is put upon the ground that no judgment can be entered against a corporation until sixty days after the return of process; and also on the insufficiency of the service, it being made upon the book-keeper of the company.

By the eighty-ninth section of the supplement of 1855, any word used in the act referring to any person or party, shall be understood to apply to bodies corporate as well as individuals, unless it be otherwise provided, or there be something in the subject or context repugnant to such construction. *Nix. Dig.* 745. A corporation is therefore within the language of the section referred to. If service can be made upon a corporation by any legal method, it may be brought within the operation of this section.

No mode of making the service is pointed out.

It is argued that a corporation cannot be served with a paper required to be served by the practice act, because the mode of serving the summons in an action against a corporation is specially provided for by statute, (*Nix. Dig.* 172, § 25,†) and that section applies only to process for commencing

* *Rev., p.* 865, § 105, *amended.*      † *Rev., p.* 193, § 87.

a suit. The statute just referred to has no application beyond the first process in the cause; but I cannot perceive how an inference can be legitimately drawn that no service of a paper in a cause can be made on a corporation defendant, or notice given by a service on the corporation, which may become necessary in the progress of the cause, from the fact that statutory provision has been made for the manner of the commencement of the suit, which has not been extended to subsequent steps in its progress. In fact, the mode of summoning a defendant and bringing him into court, so as to complete the jurisdiction of a court over the subject matter of the litigation and the parties, has always been a matter of positive law.

If a plaintiff does not file his declaration within the time limited by law, he cannot compel the defendant to plead, except he rule him to plead, and a copy of the rule must be served on the defendant; and where he omits to enter his judgment until after the next term next after he is entitled to such payment by default, he cannot enter judgment, unless upon thirty days' notice to the defendant of his intention to enter judgment. *Slack* v. *Reeder*, 1 *Vroom* 348. If the insistment of the defendant's counsel is sound in principle, then no copy of a rule to plead, and no notice of intention to enter judgment, can be served upon a corporation defendant, where no appearance by attorney has been entered; and the plaintiff's suit will be abated if he fails to file his declaration within the time limited, or to enter his judgment at or before the first term next after which he is entitled to it. No difficulty has been experienced in this respect; not that these contingencies have never occurred, but because, in practice, the understanding of the profession is, that in the construction of the practice act there has been no such adherence to the letter of the law as makes necessary that construction, which would lead to such inconvenient results.

The practice act being designed merely as the means of administering justice, should be liberally construed in all its parts, except those which pertain to the mode of obtaining

jurisdiction over the parties. Thus it has been held that a summons in ejectment will not be set aside, when the return is not in strict compliance with the statute, when, in fact, the defendant has received notice of the service. *Derrickson* v. *White*, 3 *Vroom* 137. Nor will a writ of *certiorari* be set aside, because it bears date after the time, it was issued, although the first section of the act of 1855 requires that all writs and process shall bear date on the day on which the same shall be issued. *Morris Canal and Banking Co.* v. *Mitchell*, 2 *Vroom* 100. So also the signature of the attorney to interrogatories annexed to a commission to take the depositions of witnesses, is a sufficient compliance with the statute, although the statute directs that they shall be signed by the party or his counsel. *Ludlam* v. *Broderick*, 3 *Green* 269.

The section now in question being silent as to the mode of service, the construction has been that where the defendant is an individual, and no appearance has been entered by attorney, the service of the declaration must be made on the defendant personally. But I apprehend that if the defendant has appeared by attorney, a service on the attorney would be good, although the section does not mention such mode of service, for the reason that the attorney, by virtue of his employment, become the agent of his client, with respect to all matters pertaining to the conduct of the cause. In quite a number of the sections of the practice act the language is, "the plaintiff may," or "the defendant shall," or "either party may," or "the party, &c., shall furnish the adverse party with notice," &c.; and it has never been questioned that under these sections, if the act is done by the attorney, or if notice is served on the attorney, it is sufficient. The language of Hornblower, C. J., in *Ludlam* v. *Broderick*, is quite apposite to this subject. He says: "It is insisted that though an attorney may act for a party, yet where the statute directs a thing to be done 'by the party,' an attorney cannot do it. This may be true in cases where, from the nature of the thing to be done, or the

peculiar phraseology of the statute it is manifest that the legislature intended the act should be done in person. *Qui facit per alium, facit per se*, is a maxim of such familiar and universal application that it is never doubted, but a party may do by his attorney whatever he himself is authorized or required to do in the prosecution of a suit, unless restrained by statute."

The principles above stated make the question of the regularity of the service of a notice upon the attorney of a corporation which appears by attorney, beyond all doubt. Why should not the same principles be so applied as to sustain the service of such notice upon an officer of a corporation created for purposes of business or trade, whose authority in the business of the company is such as to make him its agent with respect to its litigations? In no other way can full effect be given to that section of the act which requires, that in the construction of the statute, words referring to persons or parties shall include bodies corporate as well as individuals, there being nothing in the subject matter or context inconsistent therewith.

The law of remedies against corporations originated when those artificial bodies were few, and those few were, in the main, such as were created for municipal purposes. As corporations multiplied, created chiefly for purposes of trade, the obstacles in the way of the attainment of justice, which arose out of principles applicable only to municipal corporations, have gradually been removed. The extent to which exemptions from liability for the consequences of acts which, as against individuals, would be redressible, have been swept away in cases of corporations created for purposes of business or trade is shown by the cases cited in the opinions of the court in *The State* v. *The Morris and Essex R. R. Co.*, 3 *Zab.* 360; *Brokaw* v. *The N. J. R. R. Co.*, 3 *Vroom* 330; and *Vance* v. *The Erie Railway Co.*, *Ib.* 334. The doctrine now established is, that the inquiry in any particular case, when the subject of the liability of such a corporation is under consideration, is whether the act done is within the

scope of corporate powers, and the person by whom it is done is the agent of the corporation in the doing of it. The identity of such corporations and individuals with respect to the law of remedies, removes all reasons for distinguishing between them in matters of practice, when no such distinction is required by the letter or the spirit of the practice act.

The rule that notice to the agent is notice to the principal when it is the duty of the agent to act upon such notice, or to communicate it to his principal in the proper discharge of his duty, applies to the agents of corporations as well as others. *Fulton Bank* v. *The New York and Sharon Canal Co.*, 4 *Paige* 127.

In cases where the defendant is a municipal corporation, it might not be practicable to enforce this construction of the practice act, because the powers of the officers of such a corporation are defined by the act of the legislature which created the corporation, and no officer could be found whose power would be so extensive as to include the authority to become the representative of the corporation in its litigation. but where a corporation is one created for the purpose of trade or business, and the management of its affairs is entrusted to officers or agents whose authority is co-extensive with the business of the company in all its departments, no difficulty will be experienced in finding some persons, whose powers will include the authority in question. Notice to the directors of a company, when assembled as a board, is notice to the corporation, although notice to an individual director who has no duty to perform in relation to the subject of the notice, is not a good constructive notice to the corporation. *Fulton Bank* v. *The N. Y. and Sharon Canal Co.*, 4 *Paige* 127; *Mechanics' Bank* v. *Seton*, 1 *Pet.* 299; *Bank of Pittsburg* v. *Whitehead*, 10 *Watts* 397. Notice to the cashier of a bank is notice to the bank. *Trenton Banking Co.* v. *Woodruff*, 1 *Green C. R.* 117; *New Hope Del. Bridge Co.* v. *Phœnix Bank*, 3 *Comstock* 156. So also notice to the board of directors of an insurance company, or to any officer or

agent of the company whose duty, by the by-laws, resolu-tions, or usages of the company, it was, on receiving such notice, to communicate it to the company, is notice to the company. *Schenck* v. *Mutual Fire Ins. Co.*, 4 *Zab.* 447. It is impracticable to determine *a priori* upon what officers a good service of a notice may be made. Everything must depend upon the circumstances of each particular case, hav-ing regard to the purposes for which the corporation was created, and the nature of the duties of the person on whom service is made, either in his official capacity or by the usages of the company. The principle is, that it must be made upon some person upon whom the duty devolves by virtue of his official position or of his employment, to com-municate the fact of service to the governing power in the corporation. A service on such a person is a service on the corporation.

In the case now under consideration the service was made on the book-keeper at the office of the company. It does not appear that the fact of service came to the knowledge of those whose official duties would include that of looking after suits against the company. A book keeper, although he may he stationed in the company's office for the performance of the duties of his employment, has no duties to perform within which would be included that of communicating the fact of this service to the company.

For that reason the service was not a good service, and the judgment being, therefore, irregular, must be set aside.

The grounds upon which the application in this case is decided, make it unnecessary to consider the questions which have been considered in this opinion, but the construction of the section of the act being of considerable practical import-ance, has been considered with a view of settling the practice on this mooted question.

The points deduced by the court are these: 1. That where the defendant is an individual, service of a copy of the declaration under the thirty-fifth section of the practice act must be made upon him personally, if he has not ap-

peared by attorney. 2. That in the case of an individual defendant, or of a corporation, who has appeared by attorney, service on the attorney is a sufficient service. 3. That where defendant is a corporation created for and engaged in trade or business, a service on any officer or agent of the company, whose duty it is, either in his official capacity or by virtue of his employment, to communicate the fact of such service to. the governing body of the corporation, is good. 4. That whether the person upon whom the service is made is such that a service upon him is good, depends upon the circumstances of each particular case, having regard to the purposes for which the corporation was created, and the nature of the duties of such person, either in his official capacity or by the usages of the company. And, 5. That service on a bookkeeper at the office of the company is not a sufficient service, it not appearing that knowledge of such service was communicated to the proper officers of the company.

Judgment set aside.

DALRIMPLE and VAN SYCKEL, Justices, concurred.

CITED in *Mattix* v. *Steelman*, 6 *Vr.* 468.